**UNITED STATES of America**

v.

**Oliver L. NORTH.**

**Crim. No. 88–0080–02.**

United States District Court,
District of Columbia.

March 16, 1989.

---

---

## ORDER RE BRADY MATERIAL

GESELL, District Judge.

Having heard the parties, the Court has before it the March 14, 1989 Motion (#76) of Defendant Oliver L. North for an Order Compelling Production of *Brady* Material. Defendant requests that the Court enter an Order compelling production of *Brady* material for those persons on the government's original witness list who have been dropped since the dismissal of Counts One and Two. The government understands that it has a continuing obligation to provide *Brady* material forthwith, but contends it is unaware of any in the *Jencks* material from witnesses who have been withdrawn.

The dispute between the parties once again centers on what falls within the ambit of *Brady*. Under the circumstances of this case, the theoretical availability of each witness to the defense will not satisfy *Brady* requirements. The Court has not yet ruled on what its jury instructions will be or otherwise specified what is exculpatory as a matter of law. However, defendant is entitled to have any material

(a) from grand jury statements, FBI 302's, or other non-public *Jencks* material

(b) that has not been provided to the defendant through discovery

(c) for any withdrawn witness

(d) who was a member of the cabinet, a chief deputy of a cabinet member or a superior of North in his chain of command at the NSC

(e) showing evidence of orders, directions, requests or encouragement to conceal activities of North or other executive branch officials

(f) with respect to private fund-raising on behalf of the Contras, or tactical or other assistance in continuing the supply of military goods to the Contras

(g) while a Boland Amendment was in effect.

SO ORDERED.